Battle, J.
 

 Upon any admissible construction of the will of David Tillman, the proceeds of the slave Calvin must be exempt from the claim of the defendants, Smith and wife.— That slave was, by the
 
 5th
 
 clause of the will, given expressly to the testator’s son, James, and, by a direction equally express, the testator declared in the second clause of his codicil, that should he sell him, his proceeds should “ go into a common fund.” áo far there is no difficulty; but it appears that in the samé clause of the codicil, the testator limited Calvin to his daughter, Mrs. Smith and her children, in the event of his son James’ dying ydthout leaving issue,, and in the third clause of the codicil he directed that should he sell any of the
 
 *208
 
 negroes given to his daughters, Mrs. Cooley or Mrs. Smith, either in his will or his codicil, the value of such negroes, §o sold, should be repaid to them out of his estate. This direction could certainly have been carried into execution as to any of the slaves given in the will to Mrs. Smith, but it cannot apply to Calvin, because he cannot be said to have been given to her, either by the will or codicil. By the will, he was given to the testator’s son, James, and that gift was not taken away by the codicil, but only modified by having en-grafted upon it an executory limitation to Mrs. Smith and her children, contingent upon the event of the legatee, James’ dying without leaving issue.
 

 But it is contended that by the sale of the slave in question, the legacy to James was adeemed, and it is thence inferred that Mrs. Smith and her children took a present interest in him or his proceeds. This argument will not answer, because if the sale of the slave was an ademption of the legacy, as to the legatee, James, it must be equally so as to the ulterior legatees, Mrs. Smith, and her children. The cases cited by the counsel; do not apply, because they were not cases of ademption, but only cases where the death of the legatee for life, in the life-time of the testator enabled the-ulterior lega-' tees to come into possession of the legacies immediately upon the death of the testator’. See
 
 Richardson
 
 v. Vanhook, 3 Ire. Eq. 581.
 

 There must be a declaration that the defendant, Smith and wife, are not entitled to have the proceeds of the slave Calvin, sold by the testator in his life-time paid to them out of the estate, and as no other difficulty in the construction of the will is suggested, a decree may be drawn in accordance with the above declaration.
 

 Pee CuRiAM, Decree accordingly.